# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **GREGORY WILSON #378464,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:19-cv-00570 |
| **RUTHERFORD COUNTY DETENTION CENTER, et al.,** | ) ) ) ) | |
| **Defendants** | ) | |

## MEMORANDUM OPINION AND ORDER

Gregory Wilson, a convicted inmate of the Rutherford County Detention Center in Murfreesboro, Tennessee, has filed this *pro se* civil rights action under 42 U.S.C. § 1983 (Doc. No. 1), along with an application to proceed without prepaying fees and costs. (Doc No. 2.) The case is before the Court on the application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The custodian of Plaintiff's trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month

period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the administrator of the Rutherford County Detention Center to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II.     INITIAL REVIEW OF THE COMPLAINT

### A.     Standard for Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus,

551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

**B.     Plaintiff's Allegations**

The Complaint consists of two unrelated claims. First, he alleges that he is being unlawfully detained beyond his anticipated release date because the sentence credits he should be earning from his trustee job have not been properly applied to his sentence calculation. (Doc. No. 1 at 5; Doc. No. 1-1 at 1–3.) Plaintiff further alleges that he has submitted multiple grievances about his inaccurate sentence calculation, but that rather than correct the calculation, "this jail sent a lady name SRG Lloyd" to tell him that if he continued to submit grievances, "they" would take away his trustee job and his good time. (Doc. No. 1-1 at 1–2.) Since that time, the electronic system for filing grievances at the jail has automatically logged him out when he attempts to submit a grievance, and he receives no response to the grievances he manages to submit. (Id. at 2–3.) Plaintiff alleges that "writing grievances is my constitutional right." (Id. at 2.) He also claims that his wrongful incarceration has caused him emotional distress, and he seeks nominal, compensatory, and punitive damages. (Doc. No. 1 at 5.)

Plaintiff also complains about the conditions of his confinement in the Rutherford County

Detention Center. He alleges that since June 15, 2019, he has been housed in a cell that is "basically a storage unit" due to overcrowding in the jail. (Doc. No. 1 at 16.) This cell has no running water or toilet. (Id.) In order to access the pod restroom for water or toilet, Plaintiff "ha[s] to wait for the guard to come around and do count, which is every 45 minutes." (Id.) He alleges that having to wait 45 minutes to use the restroom sometimes makes his stomach hurt and that he "should be able to drink water at any time of the night." (Id. at 17.) Plaintiff also alleges that the guards slam every door while they do their count, which wakes him up. (Id.) He does not allege that those disturbances amount to sleep deprivation or any injury. He seeks unspecified compensatory damages for the alleged violation of his Eighth Amendment rights. (Doc. No. 1 at 19.)

**C.     Analysis**

Plaintiff's claim of unlawful incarceration beyond his anticipated release date relates directly to the duration of his confinement under a state criminal judgment and may not be presented under § 1983 until he achieves a favorable determination of his claim through state remedies or federal habeas corpus.[1] The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512

---

[1] Inmates seeking to challenge their state sentences in a federal habeas corpus action must first exhaust their claims in state proceedings. 28 U.S.C. § 2254(b). Although Plaintiff alleges that he has contacted several officials and filed grievances about his claim, these actions do not comply with the procedure prescribed by Tennessee law and would not satisfy the habeas statute's exhaustion requirement. The Tennessee Supreme Court has explained that felony offenders in Tennessee may challenge their sentence calculations only through the Uniform Administrative Procedures Act, Tenn. Code Ann. §§ 4–5–101 to –325, which requires inmates first to seek a declaratory order from the Tennessee Department of Correction, followed, if necessary, by a petition for declaratory judgment in the Davidson County Chancery Court. Stewart v. Schofield, 368 S.W.3d 457, 459, 464–65 (Tenn. 2012).

U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973)). The United States Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005). Accordingly, Plaintiff's § 1983 claim about his sentence calculation must be dismissed even though he seeks only monetary relief. Heck, 512 U.S. at 489–90 (claim for damages is not cognizable).

Turning to Plaintiff's challenge to the conditions in which he is currently housed, the Court observes that the Eighth Amendment protects against conditions of confinement that constitute serious health or safety threats, but not against those that cause mere discomfort or inconvenience. Hudson v. McMillian, 503 U.S. 1, 8 (1992). An inmate "cannot expect the amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988), quoted in Thaddeus–X v. Blatter, 175 F.3d 378, 405 (6th Cir. 1999). While prison conditions may be "restrictive and even harsh," they do not violate the Eighth Amendment unless they "deprive inmates of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir.1987) (per curiam). In the context of a conditions-of-confinement claim, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). For challenged jail conditions to qualify as extreme, they must have resulted in "the deprivation of [at least one] identifiable human need such as food, warmth, or exercise—for example, a low cell temperature

5

at night combined with a failure to issue blankets." Wilson v. Seiter, 501 U.S. 294, 304 (1991). Plaintiff's occasional discomfort in waiting up to 45 minutes for access to toilet facilities or water, and the interruptions of his sleep occasioned by slamming doors during count time, simply do not rise to that level. See, e.g., Payton v. Golladay, No. 2:19-CV-10, 2019 WL 2912207, at *9 (W.D. Mich. July 8, 2019) (collecting cases and holding that defendants did not violate inmate's Eighth Amendment rights by making him wait 30–60 minutes to go to the restroom); Covarrubias v. Foxworth, No. 6:17CV191, 2018 WL 817322, at *5 (E.D. Tex. Feb. 8, 2018) (holding that sleep interruptions without evidence of sleep deprivation do not violate the Eighth Amendment).

Finally, Plaintiff is incorrect that he has a constitutional right to file grievances in jail. Although inmates retain a general right to petition the government for redress of grievances, Turner v. Safley, 482 U.S. 78, 84 (1987), they do not have an inherent constitutional right to any particular state-created grievance procedure or even to an effective grievance procedure. LaFlame v. Montgomery Cnty. Sheriff's Dep't, 3 F. App'x 346, 348 (6th Cir. 2001) (affirming dismissal of claim that jail staff ignored grievances because inmate "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure"). The Court notes that Plaintiff's allegation that he was threatened with the loss of his trustee job and his sentence credits if he continued filing grievances about his sentence calculation raises a possible violation of his First Amendment right to be free from retaliation for engaging in constitutionally protected conduct. See Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (explaining that an inmate states a claim for retaliation when he establishes that: (1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at

least in part by the plaintiff's protected conduct). However, Plaintiff has not named the individual or individuals responsible for that threat as Defendants to this lawsuit.

At various places in his complaint, Plaintiff names the Rutherford County Detention Center, the Tennessee Department of Correction, and the Rutherford County Sheriff's Department/Office as Defendants. (Doc. No. 1 at 1–2, 13–14.) But it is well established that a jail is not a "person" subject to suit under § 1983. See Watson v. Gill, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); Travis v. Clinton Cnty. Jail, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). Likewise, the sheriff's office is not an entity capable of being sued under Section 1983. See Mathes v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting Tennessee district court cases concluding that police departments and sheriff's offices are not proper parties to a § 1983 suit). Because Plaintiff has not claimed that the alleged violations at the jail are carried out under the authority of an unconstitutional policy or custom adopted by Rutherford County, he would not state a claim against the county even if he named the county as a defendant in lieu of the jail or the sheriff's office. See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) ("The County may be held liable for [Plaintiff's] injuries only if those injuries were the result of an unconstitutional policy or custom of the County."). And the Tennessee Department of Correction, as an agency of the State, is absolutely immune from suit under § 1983. See Quern v. Jordan, 440 U.S. 332, 340-45 (1979) (state is immune pursuant to the Eleventh Amendment); Berndt v. Tennessee, 796 F.2d 879, 881 (6th Cir. 1986) (state has not waived its immunity from § 1983 suits). Accordingly, Plaintiff's claims against these Defendants would have to be dismissed even if his allegations otherwise stated a viable claim for relief.

**III. CONCLUSION**

For the reasons explained above, this action is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The claim regarding Plaintiff's alleged unlawful confinement is dismissed without prejudice to his ability to re-file it upon removal of the Heck bar to its filing and without prejudice to his ability to present it as a federal habeas claim upon exhaustion of his state remedies. The claim for retaliation is dismissed without prejudice to Plaintiff's ability to re-file it against the responsible individual(s). Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

Plaintiff's motion to appoint counsel (Doc. No. 4) is **DENIED** as moot.

IT IS SO ORDERED.

                                                                              WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE